# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Boy Scouts of America and Delaware BSA, LLC,<br><br>                        Debtors.<br><br>Century Indemnity Company,<br><br>                        Appellant,<br><br>v.<br><br>Boy Scouts of America,<br><br>                        Appellee<br><br>Delaware BSA, LLC<br><br>                        Appellee | Civil Action No. 20-cv-00798 (RGA)<br><br>On appeal from the U.S. Bankruptcy Court for the District of Delaware<br><br>Bankruptcy Case No. 20-10343 (LSS)<br>Bankruptcy BAP No. 20-14 |

## APPELLANTS' MOTION TO ACCEPT
## DOCUMENTS UNDER SEAL INTO APPELLATE RECORD

Pursuant to Federal Rule of Bankruptcy Procedure 8009(f), Appellants move this Court to accept into the record of this appeal those documents designated as "Sealed" in the Appellants' Designation of Items to be Included in the Record on Appeal filed in the Bankruptcy Court proceeding at Docket No. 907, and in this case at Docket No. 4.

As grounds, Appellants state as follows:

1. Appellants have filed Appellants' Designation of Items to be Included in the Record on Appeal with the Bankruptcy Court identifying those items Appellants seek to include in the appellate record in this case. The designation includes material kept

1

under seal by the Bankruptcy Court (the "Sealed Material").

2. Rule 8009(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the Sealed Materials may be transmitted to this Court only upon this Court's order. Fed. R. Bankr. P. 8009(f).

3. Bankruptcy Rule 8009(f) states that: "A document placed under seal by the bankruptcy court may be designated as part of the record on appeal. In doing so, a party must identify it without revealing confidential or secret information, but the bankruptcy clerk must not transmit it to the clerk of the court where the appeal is pending as part of the record. Instead, a party must file a motion with the court where the appeal is pending to accept the document under seal. If the motion is granted, the movant must notify the bankruptcy court of the ruling, and the bankruptcy clerk must promptly transmit the sealed document to the clerk of the court where the appeal is pending." Fed. R. Bankr. P. 8009(f).

4. The rule, "which is new and has no counterpart in the Appellate Rules, deals with the manner in which . . . secret or confidential information is to be protected in the event the document or documents containing such information are included in the record on appeal." Collier on Bankruptcy ¶ 8009.11 (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2016).

5. As the relief Appellees seek is procedural, this Court may rule on it at any time without awaiting a response. Fed. R. Bankr. P. 8013(b).

WHEREFORE, Appellants request that this Court enter an order substantially in the form attached accepting the Sealed Material into the appellate record, and grant such other relief as it deems just and proper.

Dated: June 23, 2020					Respectfully Submitted,


							By:  */s/ Stamatios Stamoulis*
							     Stamatios Stamoulis (#4606)
							STAMOULIS & WEINBLATT LLC
							800 N. West Street
							Third Floor
							Wilmington, Delaware  19801
							Telephone:    302 999 1540
							Facsimile:    302 762 1688

							O'MELVENY & MYERS LLP
							Tancred Schiavoni (*pro hac vice*)
							Janine Panchok-Berry (*pro hac vice*)
							Times Square Tower
							7 Times Square
							New York, New York  10036-6537
							Telephone:    212 326 2000
							Facsimile:    212 326 2061

							*Counsel for Century Indemnity Company, as*
							*successor to CCI Insurance Company, as successor to*
							*Insurance Company of North America and Indemnity*
							*Insurance Company of North America, Westchester*
							*Fire Insurance Company and Westchester Surplus*
							*Lines Insurance Company*